(58 Misc. Rep. 315.)

### KORONA v. PIKNIK.

(Supreme Court, Special Term, Herkimer County.   March, 1908.)

PROCESS—SERVICE OF COMPLAINT—SETTING ASIDE.
> The service of the complaint will be set aside on motion, where no summons was served.

Action by Samuel Korona against Daniel Piknik.  Service of complaint set aside.

A. H. Bellinger, for plaintiff.
E. B. Mitchell, for defendant.

DEVENDORF, J.  It is substantially conceded that the summons was not served herein.  It follows, therefore, that the action has not been commenced.  The defendant appears for the purpose of this motion only, and the plaintiff appears specially and interposes preliminary objection that the court can acquire no jurisdiction, as no action has been commenced.  Undoubtedly it was the intention of the plaintiff to commence an action; but, through inadvertence, he served a copy of the complaint only.  The complaint states a good cause of action against defendant and is verified by the plaintiff and subscribed by his attorney.

I think the defendant might reasonably apprehend that, unless the attention of the plaintiff's attorney was called to the mistake, he probably would proceed as by default and obtain a judgment against the defendant.  The mistake may have been made in the plaintiff's attorney's office in preparing the copies for service, or the summons may have become detached while in the possession of the party to whom the papers were delivered for service, and the error undiscovered.  The original summons was undoubtedly in existence, as the complaint served was indorsed, over the signature of the plaintiff's attorney, "Summons & Complaint;" and it may be that the proof of service would have shown service of the summons and complaint.

An officer of the court had in due form prepared a pleading which, although it did not commence an action, was some notice to the defendant that steps had been taken toward obtaining a judgment against him.  In such a case, what should the defendant do?  Should he have notified the plaintiff's attorney of his mistake, and sought from him a copy of the summons, or a stipulation that would right matters?  Or should he have awaited results and taken the chance of having a judgment rendered against his· client which might appear upon the record to be regular?  Or should he, as in this case, seek the order of the court to dismiss the service, such as it .was, and avoid all chance of further error and costs?  Had he awaited the entry of judgment against him, it might not have been promptly entered; and, later, his

proof to show that the summons was not served might have been lost or expensive to obtain.

The complaint alleged a good cause of action against the defendant. It was in legal form, subscribed by an officer of the court representing the plaintiff, and duly verified, and, although it did not commence an action, was sufficient to justify the defendant in moving to vacate its service to avoid what might result in a judgment by default against him. I think the court has jurisdiction, accordingly, to entertain and dispose of the motion.

The service as made is set aside, without costs to either party as against the other.

Ordered accordingly.